guaranty had been indorsed upon a written contract for lumber sales. After furnishing $270 worth of material, there are no words looking to further supplies or carrying the dealing beyond the first sales, as in McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880. Sales to that amount reached the limit imposed by defendant, and exhausted his guaranty. Fellows v. Prentiss, 3 Denio, 512, 45 Am. Dec. 484; Lamport v. Greenberg, 48 Misc. Rep. 513, 96 N. Y. Supp. 143; Sherman v. Mulloy, 174 Mass. 41, 54 N. E. 345, 75 Am. St. Rep. 286.

The judgment and order of the County Court of Westchester County must therefore be reversed, with costs of appeal to defendant, and judgment for the plaintiff for $35, with appropriate costs to defendant.

---

## In re PENNDORF.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

APPEAL AND ERROR (§ 1178*)—DISPOSITION OF CAUSE—REVERSAL—ORDERING NEW TRIAL.

    Where, in a proceeding for the settlement of the accounts of an executrix, several of the findings of the referee were not sustained by the evidence, and incompetent evidence was admitted, the decree will be reversed, with orders to vacate the order of reference and order a new reference, so that the facts could be brought out with greater clearness and the incompetent evidence eliminated.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from Surrogate's Court, New York County.

Proceedings for the settlement of the account of Mary Penndorf, executrix of Margarethe Knaus, deceased. From a decree denying a motion to vacate and set aside the referee's report, the moving party appeals. Reversed, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOTCHKISS, JJ.

Gilbert W. Minor, of New York City, for appellant.

Henry K. Davis, of New York City, for respondent.

PER CURIAM. The evidence was insufficient to establish a gift to Mrs. Penndorf of the check for $10,175 received by the testatrix in payment of the Harris mortgage. The refusal of the referee to charge the executrix with the $1,500 drawn from the Harlem Savings Bank and the $478.70 remaining on deposit to the credit of the account in that bank was against the weight of evidence, as was likewise his failure to charge the executrix with the $1,451.21 drawn from the German Savings Bank and invested in the Messerschmidt mortgage, all of the moneys to make up which seem to have belonged to the deceased. The failure of the referee to charge the executrix with $1,060.45, the amount of the deposit in the Harlem Savings Bank, was likewise against the weight of evidence, and the same is

---

true of the $1,058.60, the amount of the deposit in the Bowery Savings Bank.

We think that it is fairly to be inferred from the evidence that the deceased commonly used Mrs. Penndorf as the medium through which she transacted her business, including her deposits of money with banks and her investments. The evidence also indicates that there may have been a confusion of moneys which were the separate property of Mrs. Penndorf, and which were not derived from the deceased, with moneys of the latter, but to what extent it is impossible to say. It may also be inferred that a portion of the $10,175 check, and perhaps of other sums which came into the hands of Mrs. Penndorf, were reinvested by her in some mortgage or other security, thus creating an apparent duplication of items. The referee improperly admitted much evidence of a hearsay and otherwise improper nature. A new trial will afford an opportunity to bring out the facts with greater clearness and to avoid the admission of palpably incompetent testimony.

For these reasons, the decree is reversed, with costs to abide event, the order of reference vacated, and the matter referred to a new referee, to be appointed by this court.

---

NATIONAL SURETY CO. v. WINSTON et al.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

CONTRACTS (§ 310*)—TERMINATION—INSOLVENCY.

>  Defendants, upon being awarded a city construction contract, gave an undertaking by a surety company, and at the same time executed an agreement to indemnify the surety company and pay it an annual premium. The surety afterwards became insolvent and reinsured its risks with plaintiff surety company, assigning to it all of its indemnity agreements, etc. The original surety company still exists, in liquidation, and apparently its bond is still good, notwithstanding its insolvency. *Held,* that plaintiff surety company could sue for a premium due under the original indemnity contract executed by the insolvent company, as against an objection that the insolvency of the surety company necessarily terminated the indemnity contract; the city having accepted the substituted surety.

>  [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1447; Dec. Dig. § 310.*]

Appeal from Trial Term, New York County.

Action by the National Surety Company against James O. Winston and Thomas S. Winston, partners as Winston & Co., and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

A. T. Clearwater, of Kingston, for appellants.
William R. Page, of New York City, for respondent.

SCOTT, J. Defendants were awarded a contract to construct a portion of the new aqueduct for the city of New York. They gave